IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRED MIROW,<br>    Plaintiff,<br>        v.<br><br>JOSEPH LEBOVIC,<br>    Defendant. | CIVIL NO. 09-642(NLH)(AMD)<br><br>**MEMORANDUM<br>OPINION & ORDER** |

**APPEARANCES:**

JAMES LEWIS GRIFFITH, SR.
FOX ROTHSCHILD, LLP
2000 MARKET STREET
10TH FLOOR
PHILADELPHIA, NJ 19103-3291

    On behalf of plaintiff

FRANK ANTHONY LASALVIA
DANIEL & DOCHNEY
303 LIPPINCOTT DRIVE
BUILDING B - SUITE 310
MARLTON, NJ 08053-4160

    On behalf of defendant

**HILLMAN**, District Judge

    Plaintiff having filed a personal injury complaint against defendant, who is an optometrist, alleging that defendant negligently failed to diagnose and/or treat plaintiff's detached retina, causing him permanent vision loss and other damages[1]; and

    Defendant having filed the instant motion to dismiss

---

    [1]This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

plaintiff's complaint against him for plaintiff's failure to provide an affidavit of merit pursuant to New Jersey's Affidavit of Merit statute[2]; and

>   New Jersey's Affidavit of Merit statute providing,
>
>   In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. . . .

N.J.S.A. 2A:53A-27; and

>   Defendant arguing that an affidavit of merit is required in this personal injury case because he is a licensed optometrist; and

>   Defendant further arguing that because plaintiff failed to provide an affidavit of merit within the time required by the statute, plaintiff's case must be dismissed, see Chamberlain v. Giampapa, 210 F.3d 154, 160 (3d Cir. 2000) (stating that failure to comply with these requirements is deemed a failure to state a claim); Cornblatt v. Barow, 708 A.2d 401, 412 (N.J. 1998) (holding

---

[2] The affidavit of merit requirement applies to malpractice claims under New Jersey law in federal court.  See Chamberlain v. Giampapa, 210 F.3d 154, 161 (3d Cir. 2000).

that dismissal based on plaintiff's failure to submit an affidavit of merit would be with prejudice absent extraordinary circumstances); and

Plaintiff not contesting that he did not file an affidavit of merit; but

Plaintiff contending that an affidavit of merit is not required in this case because defendant is not a "licensed person" covered by the statute, and, therefore, his case against defendant should not be dismissed on this basis; and

The Court recognizing that the statute contains a list of "licensed persons":

> As used in this act, "licensed person" means any person who is licensed as:
> a. an accountant pursuant to P.L.1977, c. 144 (C.45:2B-1 et seq.);
> b. an architect pursuant to R.S.45:3-1 et seq.;
> c. an attorney admitted to practice law in New Jersey;
> d. a dentist pursuant to R.S.45:6-1 et seq.;
> e. an engineer pursuant to P.L.1938, c. 342 (C.45:8-27 et seq.);
> f. a physician in the practice of medicine or surgery pursuant to R.S.45:9-1 et seq.[3];
> g. a podiatrist pursuant to R.S.45:5-1 et seq.;
> h. a chiropractor pursuant to P.L.1989, c. 153

---

[3] Defendant does not argue that an optometrist can be considered a "physician in the practice of medicine or surgery." Even if defendant did make such an argument, it would not be availing because an optometrist is not defined pursuant to N.J.S.A. 45:9-1, but rather N.J.S.A. 45:12-1.

3

    (C.45:9-41.17 et seq.);

    i. a registered professional nurse pursuant to P.L.1947, c. 262 (C.45:11-23 et seq.);

    j. a health care facility as defined in section 2 of P.L.1971, c. 136 (C.26:2H-2);

    k. a physical therapist pursuant to P.L.1983, c. 296 (C.45:9-37.11 et seq.);

    l. a land surveyor pursuant to P.L.1938, c. 342 (C.45:8-27 et seq.);

    m. a registered pharmacist pursuant to R.S.45:14-1 et seq.;

    n. a veterinarian pursuant to R.S. 45:16-1 et seq.; and

    o. an insurance producer pursuant to P.L.1987, c. 293 (C.17:22A-1 et seq.).

N.J.S.A. 2A:53A-26; and

    The Court recognizing that an "optometrist" is not included in the list of "licensed persons"; and

    The Court further recognizing that the New Jersey Appellate Division has recently analyzed whether the Affidavit of Merit statute applies to licensed professionals who are not listed in the statute, and it concluded that it does not, see <u>Saunders v. Capital Health System at Mercer</u>, 942 A.2d 142, 147 (N.J. Super. Ct. App. Div. 2008) (finding that "an Affidavit of Merit is not required when licensed midwives, as well as other unspecified licensed professionals, are sued in their professional capacity," and commenting, "Had the Legislature intended N.J.S.A. 2A:53A-26 to apply to other unspecified licensed health providers, it could easily have prefaced the licensed persons listed with the words

4

'including but not limited to.'  It chose not to do so."); and

Defendant not providing any argument for why the Court should not follow the Appellate Division's analysis in <u>Saunders</u>;

Accordingly,

IT IS HEREBY on this 18th day of December, 2009

ORDERED that defendant's motion to dismiss [10] is DENIED.

 s/ Noel L. Hillman

At Camden, New Jersey                    NOEL L. HILLMAN, U.S.D.J.